Luis **FERRER ENCARNACION,**
Plaintiff,

v.

Ismael **BETANCOURT y LEBRON,**
et al., **Defendants.**

**Civ. No. 90–1898 GG.**

United States District Court,
D. Puerto Rico.

June 3, 1994.

---

Jose F. Quetglas Alvarez, Jose F. Quetglas Jordan, Eric M. Quetglas Jordan, and Jorge Carazo Quetglas, San Juan, PR, for plaintiffs.

Pedro R. Pierluisi, Secretary of Justice, Mayra Maldonado Colon and Mabel Ramos Milian, Federal Litigation Div., Dept. of Justice, San Juan, PR, for defendants Ismael Betancourt y Lebrón, Angel Fonseca, Javier Luyando, Daniel García.

David Calderon, Bayamóm, PR, for defendant Angel L. Acevedo Rodríguez.

## OPINION AND ORDER

GIERBOLINI, Senior District Judge.

This Opinion and Order addresses the motion to dismiss filed by co-defendant Luyando's estate and the motion to substitute parties filed by the plaintiff. Informative Motion and Request for Relief Thereof, docket # 78, asks for dismissal of this action against co-defendant Luyando because he died early in 1993. The plaintiff filed his Opposition to the dismissal, docket # 79, and the estate of co-defendant Luyando filed an Opposition to Plaintiff's Opposition, docket # 81. We deny the co-defendant's motion to dismiss Luyando from this action.

In *Moor v. Alameda County,* 411 U.S. 693, 702–3 n. 14, 93 S.Ct. 1785, 1792, n. 14, 36 L.Ed.2d 596 (1973), the U.S. Supreme Court recognized that 42 U.S.C. § 1983 does not address the issue of the survivorship of civil rights actions upon the death of a plaintiff or a defendant. It stated that "[a]lthough an injured party's personal claim was extinguished at common law upon the death of either the injured party himself or the alleged wrongdoer ... it has been held that pursuant to § 1988 state survivorship statutes which reverse the common-law rule may be used in the context of actions brought under § 1983." *See also Robertson v. Wegmann,* 436 U.S. 584, 588–90, 98 S.Ct. 1991, 1994–95, 56 L.Ed.2d 554 (1978) (under 42 U.S.C. § 1988, state survivorship statutes provide "the principal reference point in determining survival of civil rights actions" unless the state law is " 'inconsistent with the Constitution and the laws of the United States' "). Many federal district and appellate courts have addressed the issue of the survivorship of civil rights actions, coming out with different results depending on the pertinent state survivorship statute. *See White v. Walsh,* 649 F.2d 560, 562 n. 4 (8th Cir.1981) (civil rights claim that defendants conspired to deny plaintiff a fair trial by empaneling an all-white jury survived the death of defendant), *citing Gray v. Wallace,* 319 S.W.2d 582, 584–85 (Mo.1958) (Mo. Supreme Court ruled that a plaintiff's cause of action for malicious prosecution did not abate by reason of the death of the named defendant); *Pritchard v. Smith,* 289 F.2d 153 (8th Cir.1961) (under Arkansas law, plaintiff's 42 U.S.C. § 1983 action survived the death of the defendant); *Dear v. Rathje,* 391 F.Supp. 1, 7 (N.D.Ill.1975), *aff'd without op.,* 532 F.2d 756 (7th Cir.1976) (plaintiffs' 42 U.S.C. § 1983, akin to Illinois state defamation action, abated upon the death of the defendant and could not thereafter be maintained by suit against his estate because the Illinois legislature specifically excepted slander and libel from actions which survive); and *Landman v. Royster,* 354 F.Supp. 1302, 1315–16 (E.D.Va.1973) (held that pursuant to the rule of *Barnes Coal Corp. v. Retail Coal Merchants Ass'n,* 128 F.2d 645 (4th Cir.1942), federally created causes of action in tort do not survive the death of a defendant unless the tort alleged is one "affecting property rights").

We now turn to Puerto Rico law to determine if the civil rights action against co-defendant Luyando survives his death. In Puerto Rico, no survivorship statute exists concerning tort cases in general. But the Puerto Rico Supreme Court has stated that a survivorship statute is unnecessary because survivorship is encompassed within the remedial character of Puerto Rico tort law as expressed in P.R.Laws Ann. tit. 31, § 5141 (1991), which states that "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged

to repair the damage so done." *See Vda. de Delgado v. Boston Ins. Co.*, 101 P.R.Dec. 598, 603 (1973), 101 Official Translation 824, 826 n. 2 (1973).

In *Delgado*, the Puerto Rico Supreme Court recognized that some causes of action do not survive. These rights are described as "very personal rights" (derechos personalísimos). Among the actions which do not survive are those for usufruct, patria potestas, support, tutorship, certain labor and service contracts, and actions disputing the legitimacy of a child. *See* 101 Official Translation, at 830. But the Puerto Rico Supreme Court held that the cause of action in tort set out in P.R. Laws Ann. tit. 31, § 5141 (1991) "is not in the list of very personal rights which die with the person." 101 Official Translation, at 830.

Although *Delgado* involved the survivorship of an action upon the death of a plaintiff, actions for personal injury under P.R. Laws Ann. tit. 31, § 5141 (1991) also survive the death of a defendant and may be brought originally against the tortfeasor's heirs. In *Delgado* the Puerto Rico Supreme Court suggests that an action for personal injury under P.R.Laws Ann. tit. 31, § 5141 (1991) would survive the death of a defendant. It states that

> the general rule favors the greater hereditary transmissibility and that the obligations *whether active or passive,* are subject to the hereditary succession, excluding therefrom only those which due to their very personal character are extinguished by the death of *the creditor or the debtor.*

*Delgado*, 101 Official Translation, at 830 (emphasis added). In addition, in *Manuel del Rio–Torres, et al. v. Heirs of Rafael A. Cancel, et al.*, 36 P.R.R. 468, 470–71 (1927), the Supreme Court of Puerto Rico states:

> Section 1803 of the Civil Code provides that a person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done; therefore there can be no doubt that ... [the defendant] would be liable under the above statute for the damage caused to the parties thereto by his negligent omission.... That liability descends to his heirs, because a man

never dies with respect to his civil rights and obligations which are not personal but are transmitted to his heirs.... Hence the heirs ... are liable for the civil obligation of their ancestor to compensate the plaintiffs for the damage caused them by the negligent omission.... They are not exempted therefrom by the fact that it had not been shown that they had accepted the inheritance or that they had inherited property from their ancestor.

The liability of the heirs in *Manuel del Rio–Torres* did not depend on the entry of a judgment against the tortfeasor before his death; the case was brought originally against the tortfeasor's heirs.

Based on the discussion above, we find that plaintiff's cause of action against co-defendant Luyando survives the co-defendant's death. The motion to dismiss him as a co-defendant in this case is denied. In addition, we grant the plaintiff's motion, docket # 79, to amend the complaint in order to include co-defendant Luyando's estate and heirs as defendants in substitution of co-defendant Luyando. *Compare Pritchard v. Smith*, 289 F.2d at 158 (because the 42 U.S.C. § 1983 action survived the death of the defendant under Arkansas law, court erred in denying a motion for the substitution of the decedent's administrator as defendant).

**SO ORDERED.**