**Raquel REYES VARGAS,
et al., Plaintiffs**

v.

**Pedro ROSELLO GONZALEZ,
et al., Defendants**

No. Civ. 00–1750(PG).

United States District Court,
D. Puerto Rico.

March 20, 2001.

Carlos V. Garcia–Gutierrez, Eileen Ramos–Rosario, Rosa M. Cruz–Niemiec, San Juan, for Raquel Reyes–Vargas, Vanessa Espinel–Reyes, Luz Espinel–Reyes, Emily Maduro as legal guardian of Jesus Maduro, Jesus Maduro.

Luis Berrios–Amadeo, Cancio, Nadal, Rivera & Diaz, Jo–Ann Estades–Boyer, Department of Justice of PR, Federal Litigation Division, Victoria D. Pierce–King, Cancio, Nadal, Rivera & Diaz, San Juan, for Pedro J. Rossello–Gonzalez, Maga Nevares–De–Rossello, Conjugal Partnership Rossello–Nevares.

Jo–Ann Estades–Boyer, Department of Justice of PR, Federal Litigation Division, San Juan, PR, for Zoe Laboy–Alvarado, John Doe 00CV50 + 00001, Conjugal Partnership Ochoa–Laboy, Nuria Rivera, Hector Fontanez, and/or John Doe, Jane Doe 00CV50 + 00002, Conjugal Partnership Fontanez–Doe, Amaury Perez–Salas, Regional, Jane Doe 00CV50 + 00003, Conjugal Partnership Perez–Doe, Carlos Rodriguez–Delgado, Jane Doe 00CV50 + 00004, Conjugal Partnership Rodriguez–Doe, Luis Aponte, Jane Doe 00CV50 + 00005, Conjugal Partnership Aponte–Doe, Felix Rodriguez–Mateo, Jane Doe 00CV50 + 00006, Conjugal Partnership Rodriguez–Doe, Luis Malave, Jane Doe 00CV50 + 00007, Conjugal Partnership Malave–Doe, Jose Sanchez–Acevedo, Jane Doe 00CV50 + 00008, Conjugal Partnership Sanchez–Doe, Eliezer Rivera, Jane Doe 00CV50 + 00009, Conjugal Partnership Rivera–Doe, Angel Cruz–Febus, Jane Doe 00CV50 + 00010, Conjugal Partnership Cruz–Doe, John Doe, John Serrano–DeLeon, Jane Doe 00CV50 + 00011, Conjugal Partnership Serrano–Doe, Emiliano Rodriguez–Echevaria, Jane Doe 00CV50 + 00012, Conjugal Partnership Rodriguez–Doe, Carlos Rios–Ocasio, Jane Doe 00CV50 + 00013, Conjugal Partnership Rios–Doe.

## OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

On July 23, 1999, Esteban Sierra Nieves, an inmate under the custody of the Puerto Rico Administration of Corrections, was stabbed to death by five fellow inmates. Decedent's mother, sisters, wife and son brought action under the Fifth, Eight and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and 31 L.P.R.A. § 1802 of the Puerto Rican Civil Code.

Before the Court is co-defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6) and co-defendants' Rosello, Laboy, Rivera and Malave Motion to Join

Motion to Dismiss [1]. In their motion Defendants argue that the Complaint should be dismissed because Plaintiffs lack standing to bring a civil rights action under 42 U.S.C. § 1983. Defendant's further contend that in the event the court dismisses plaintiffs federal cause of action, the court should refuse to exercise its supplemental jurisdiction. Plaintiffs' have duly opposed both motions to dismiss.

## MOTION TO DISMISS STANDARD

When ruling on a 12(b)(6) motion a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. *Berezin v. Regency Savings Bank*, 234 F.3d 68, 70 (1st Cir.2000); *Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir. 1994). A Court should not dismiss a complaint for failure to state a claim or for lack of subject matter jurisdiction unless it is clear that plaintiff will be unable to recover under any viable theory. *See La-Chapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998); *Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir.1994) (Citing *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir.1994)); *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank*, 958 F.2d 15, 17 (1st Cir.1992). However, a court will not accept plaintiff's "unsupported conclusions or interpretations of law". *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir. 1993).

## PLAINTIFFS LACK STANDING TO SUE IN THEIR PERSONAL CAPACITIES

■ A § 1983 cause of action can be brought by a person "who has suffered the deprivation of constitutional or certain statutory rights by virtue of the conduct of state officials." *Anaya Serbia v. Lausell*, 646 F.Supp. 1236, 1244 (D.P.R.1986) (*Citing Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)). It is the settled law of this Circuit that family members do not have standing to sue under § 1983 in their personal capacity. *Soto v. Flores*, 103 F.3d 1056, 1062 (1st Cir.1997), *cert. denied*, 522 U.S. 819, 118 S.Ct. 71, 139 L.Ed.2d 32 (1997). "First Circuit case law holds that surviving family members cannot recover in an action brought under § 1983 for deprivation of rights secured by the federal constitution for their own damages for the victim's death unless the unconstitutional action was aimed at the family relationship." *Robles–Vazquez v. Garcia*, 110 F.3d 204, 206, n. 4 (1st Cir.1997). "The First Circuit does not recognize a parent's or sibling's right to maintain a § 1983 action for loss of familial association except when the government action in issue is directly aimed at the relationship between a parent and a young child." *Arroyo v. Pla*, 748 F.Supp. 56, 58 (D.P.R.1990); *See Also Robles–Vazquez v. Tirado Garcia*, 110 F.3d 204, n. 4 (1st Cir.1997) *and Manarite v. City of Springfield*, 957 F.2d 953, 960 (1st Cir. 1992) *cert. denied*, 506 U.S. 837, 113 S.Ct. 113, 121 L.Ed.2d 70.

■ Cases that recognized a right to familial association can be divided into two categories. *See Pittsley v. Warish*, 927 F.2d 3, 8 (1st Cir.1991) (Dividing familial association cases into two categories). Under the first category substantive due process has been applied to prevent governmental interference in certain private decisions. *Ortiz*, 807 F.2d at 8 (*citing Griswold v. Connecticut*, 381 U.S. 479, 486, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) (pro-

---

1. Co-defendants' are granted leave to join the previously filed motion to dismiss (Dkt.17).

The additional arguments made by Co-defendant Rosello will be considered in due course.

creation) and *Pierce v. Society of the Sisters*, 268 U.S. 510, 535, 45 S.Ct. 571, 69 L.Ed. 1070 (1925) (whether to school one's children in religious matters)). "The second category is implicated whenever the state directly seeks to change or affect the parent child relationship". *Pittsley*, 927 .F.2d at 8. This second category recognizes a liberty interest in "preventing governmental interference with the rearing of young children." *Ortiz*, 807 F.2d at 8 *citing Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (termination of parental rights) and *Little v. Streater*, 452 U.S. 1, 13, 101 S.Ct. 2202, 68 L.Ed.2d 627 (1981) (determining paternity). State action that affects the parental relationship only incidentally, even though the deprivation may be permanent as in the case of an unlawful death, is not sufficient to establish a violation of an identified liberty interest. *Id.*

The actions taken by the Defendants do not fall within the two familial right categories identified by the First Circuit. The record fails to reveal, and Plaintiffs do not contend, that the government interfered with any private family decision. Nor can it be said that Defendants' actions interfered with the rearing of a young child. At the time of his death Mr. Sierra was not only an adult, but he was also a inmate under the custody of the Corrections Department. Plaintiffs thus lack standing to sue under 42 U.S.C. § 1983 in their personal capacity.

## JESUS MADURO AND HIS MOTHER EMILY MADURO, AS HIS LEGAL GUARDIAN, HAVE STANDING IN THEIR REPRESENTATIVE CAPACITY

■ In *Robertson* the Supreme Court examined the question of whether a civil rights action (42 U.S.C. § 1983) can be brought by an heir in representation of a deceased. *Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978). When determining which survivorship rule to apply to civil rights cases, district courts must refer to 42 U.S.C. § 1988. *Id.* That section reads, in the relevant parts, as follows:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of the Title "Civil Rights", and of the Title "Crimes", for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law as modified and charged by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of criminal nature, in the infliction of punishment on the party found guilty.

42 U.S.C. § 1988.

■ The section thus recognizes that federal law simply "does not cover every issue that may arise in the context of a federal civil rights action". *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). When federal law is deficient or insufficient to furnish a suitable remedy, § 1988 instructs that federal courts must turn to "the common law, as modified and changed by the constitution and statutes of the state" as long as these are not "inconsistent with the Constitution

and laws of the United States." 42 U.S.C. § 1988. One area that is not covered by federal law is that relating to "the survival of civil rights actions under § 1983 upon the death of either plaintiff or defendant". *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir.1984). The law of the forum state is thus "the principle reference point in determining survival of civil rights actions". *Robertson*, 436 U.S.at 590, 98 S.Ct. 1991. A review of Puerto Rican law is in order.

■ Puerto Rico does not have a survivorship statute dealing with tort cases in general. *Rivera v. Medina*, 963 F.Supp. 78, 84 (D.P.R.1997) (*Citing Ferrer Encarnacion v. Betancourt y Lebron*, 855 F.Supp. 528 (D.P.R.1994)). However, the Supreme Court of Puerto Rico has ruled that survivorship is generally encompassed within Article 1802 of the Civil Code, Puerto Rico's general tort provision. *Id.(Citing Vda. de Delgado v. Boston Ins. Co.*, 101 P.R. Dec. 598, 603 (1973)). Under Article 1802 damages for the conscious pain and suffering of plaintiff's decedent, as opposed to damages for his immediate death, are recoverable in a wrongful death negligence cases. *Vda. de Delgado v. Boston Insurance*, 101 P.R. Dec. 598 (1973); *Consejo de Titulares v. C.R.U.V.*, 132 P.R. Dec. 707 (1993); *See Also Morales v. United States*, 642 F.Supp. 269, 273 (D.P.R. 1986). If Plaintiffs had brought this action in the Puerto Rican court system rather than in federal court, they would have brought a wrongful death case.

■ Applying the state's legal reasoning to the case at hand, the Court concludes that Puerto Rican law permits an heir to bring a § 1983 action in his representative capacity only when there is a showing that the deceased has suffered prior to his death. There is no question, and Defendants do not contend the fact that, Mr. Sierra suffered pain and discomfort prior to his death. Puerto Rican law allows his

pain and suffering to transmit to his immediate heirs who can bring an action claiming damages for the deceased's pain. As such, Jesus Maduro and his mother Emily Maduro, as his legal guardian, have standing in their representative capacity. *See Arroyo v. Pla*, 748 F.Supp. 56, 58 (D.P.R. 1990); *Velazquez–Martinez v. Colon*, 961 F.Supp. 362, 364 (D.P.R.1997).

## THE COMPLAINT FAILS TO ALLEGES SUFFICIENT FACTS AGAINST DEFENDANT ROSELLO AND HIS CONJUGAL PARTNERSHIP

■ Defendant Roselló asserts that the Complaint fails to state sufficient facts that would allow Plaintiffs to recover from him in his individual capacity. Rosello argues that the Complaint, as it relates to him, should be dismissed.

■ In order to establish a cognizable claim under 42 U.S.C. § 1983, Plaintiffs must not only demonstrate that Defendants, acting under color of law, deprived them of a federally protected right but must also prove that the name defendants were personally involved in such violation. *See Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Pinto v. Jimenez Nettleship*, 737 F.2d 130 (1st Cir.1984). A supervisor may thus be found liable under § 1983 only on the basis of his own acts or omissions—liability for a supervisor may not be predicated upon a theory of respondeat superior. *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 48 (1st Cir.1999) (*citing Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994)). To recover against a supervisor Plaintiff must show that there is an affirmative link between the street level misconduct and the action or inaction of the supervisory official. *Id.* For supervisory liability to attach under

§ 1983 a plaintiff must demonstrate an affirmative link between the subordinate officer and the supervisor, "whether through direct participation or through conduct that amounts to condonation or tacit authorization". *Carmona v. Toledo,* 215 F.3d 124, 132 (1st Cir.2000) (*citing Camilo–Robles v. Zapata,* 175 F.3d 41, 43–44 (1st Cir.1999)).

A review of the Complaint reveals that Plaintiffs have failed to plead sufficient facts allowing a fact based inference as to Rosello's specific conduct. A thorough reading of the Complaint fails to reveal that Rosello's conduct amounted to condonation or tacit authorization of the alleged constitutional violation. *Rogan v. Menino,* 175 F.3d 75, 78 (1st Cir.1999). Additionally, the Court fails to see a direct causal link between Rosello's purported conduct and the street level misconduct—the tragic killing Esteban Sierra Nieves. As such, the Complaint fails to survive Rosello's motion to dismiss.

**Wherefore**, Defendants' motion to dismiss is **granted** in part and **denied** in part. Specifically, the Court dismisses the complaint as to all Plaintiffs who lack standing to bring the § 1983 claim in their personal capacity. These Plaintiffs are: Raquel Reyes Vargas, Vanessa Espinel Reyes and Luz Espinel Reyes. The Court denies Defendants' motion as it relates to Emily Maduro, the legal guardian of Jesus Maduro, and Jesus Maduro since they can bring an action in their representative capacity. Lastly, the Court grants co-defendants' Rosello and his conjugal partnership motion to dismiss.

**IT IS SO ORDERED.**