Betzaida **MANGUAL**, et al., Plaintiffs

v.

Pedro **TOLEDO**, et al., Defendants.

**Civil No. 07–1683 (JP).**

United States District Court, D. Puerto Rico.

Feb. 15, 2008.

and 1988, for alleged violations of Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as several Puerto Rico laws, for the alleged wrongful death of Rosa at the hands of the Puerto Rico Police Department. In their complaint, Plaintiffs argue that Defendants unlawfully arrested Rosa, subjected him to an unreasonable search and seizure, and used excessive force against him, ultimately resulting in his death.

Defendants move to dismiss the complaint on several grounds, including Eleventh Amendment immunity, failure to state a claim against Defendant Pedro Toledo–Dávila ("Toledo"), qualified immunity, elapse of the statute of limitations, lack of a constitutional claim against the federal government, and lack of standing to assert Section 1983 claims. For the reasons stated herein, Defendants' motion (**No. 5**) is **GRANTED IN PART AND DENIED IN PART.**

Ramón M. González–Santiago, Esq., Ramón M. González Law Office, San Juan, PR, for Plaintiffs.

José J. Gueits–Ortiz, Esq., Department of Justice of Puerto Rico, Office of General Litigation, Unit VII, San Juan, PR, for Defendants.

## OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

Before the Court is Defendants' motion to dismiss (No. 5) and Plaintiffs' opposition thereto (No. 7). Plaintiff Betzaida Mangual ("Mangual"), individually and as the representative of the estate of her late husband, José A. Rosa–Rodríguez ("Rosa"), and their minor children Cassandra María Rosa–Mangual and José M. Rosa–Mangual (collectively, "Plaintiffs"), brought this action pursuant to 42 U.S.C. Sections 1983

## I. LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. *Id.* at 1974. The First Circuit has interpreted *Twombly* as sounding the death knell for the oft-quoted language of *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 94–95 (1st Cir. 2007), quoting *Twombly*, 127 S.Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992). Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## II. FACTUAL ALLEGATIONS

On August 16, 2006, Rosa was engaged in a conversation in front of his friend's home in the "El Malecón" area of Santa Isabel, Puerto Rico. Plaintiffs allege that Defendant Police Officer Charlie Torres ("Torres"), along with other officers, warrantlessly seized and handcuffed Rosa, and repeatedly hit Rosa with their night-sticks, even though Rosa was not resisting arrest. Because of the alleged beatings, Rosa attempted to flee from Defendants by throwing himself into the waters of El Malecón. Since he was handcuffed, Rosa had difficulty swimming and began to cry out for help. Plaintiffs allege that Defendants were deliberately indifferent to Rosa's cries, and that Defendants prevented bystanders from pursuing any rescue efforts by threatening them with criminal prosecution. Rosa drowned in the water, and his body was recovered the following day.

## III. ANALYSIS

Plaintiffs bring claims under 42 U.S.C. Sections 1983 and 1988 for violations of their rights under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution. Plaintiffs also bring claims under Articles 1802 and 1803 of the Puerto Rico Civil Code, Article Eleven of the Constitution of Puerto Rico, and Puerto Rico common law.

### A. Eleventh Amendment Immunity

Defendants argue that the Eleventh Amendment bars Plaintiffs' Section 1983 claims for damages against Defendants in their official capacities. The Eleventh Amendment bars suits against states for money damages unless the state has consented. *See Metcalf & Eddy v. P.R. Aqueduct & Sewer Auth.*, 991 F.2d 935, 938 (1st Cir.1993). As the Plaintiff points out, she clearly alleged all her claims against the individual Defendants in their personal capacities, not in their official capacities. As such, Defendants' argument for dismissal on Eleventh Amendment grounds fails.

### B. Failure to State a Claim Under Section 1983

Defendants argue that Plaintiffs' Section 1983 claims against Defendant Toledo should be dismissed because Plaintiffs failed to state a claim of supervisory liability.

There is no heightened pleading standard in civil rights cases. *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66–67 (1st Cir.2004). The Court must determine whether the instant complaint satisfies the basic notice pleading requirements. *See Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 5 (1st Cir.2005). To meet those requirements a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. Rule 8(a)(2), and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For this purpose, the Court may draw upon documents annexed to the complaint or incorporated into it, as well as matters subject to judicial notice. *Centro Médico*,

406 F.3d at 5. The Court must not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

 Supervisors may only be held liable under Section 1983 for their own acts or omissions. *Barreto–Rivera v. Medina–Vargas,* 168 F.3d 42, 48 (1st Cir.1999). Supervisory liability can be grounded on either the supervisor's direct participation in the unconstitutional conduct, or through conduct that amounts to condonation or tacit authorization. *See Camilo–Robles v. Zapata,* 175 F.3d 41, 44 (1st Cir.1999).

Here, Plaintiffs did allege in the complaint that Defendant Toledo was responsible for training the officers involved in the allegedly unlawful arrest and death of Rosa, and that Defendant Toledo's failure to supervise and train the police officers proximately caused the incidents that led to the drowning. Thus, the complaint suffices to state a claim of supervisory liability under Section 1983 at this state of the litigation.

### C. *Qualified Immunity*

 Defendants argue that Plaintiffs' Section 1983 claims are barred by the doctrine of qualified immunity. The doctrine of qualified immunity provides a safe harbor for public officials acting under the color of state law who would otherwise be liable under Section 1983 for infringing the constitutional rights of private parties. *See Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). It is a compromise that,

> [S]trives to balance [the] desire to compensate those whose rights are infringed by state actors with an equally compelling desire to shield public servants from undue interference with the performance of their duties and from threats of liability which, though unfounded, may

nevertheless be unbearably disruptive. *Buenrostro v. Collazo,* 973 F.2d 39, 42 (1st Cir.1992).

Public officials are therefore entitled to qualified immunity unless the facts establish that their conduct violated a constitutional right that was "clearly established" at the time of the violation such that a reasonable officer would have known that the conduct at issue was unlawful. *Santana v. Calderón,* 342 F.3d 18, 23 (1st Cir. 2003).

 Claims of qualified immunity are assessed under a three-part test. *Riverdale Mills v. Pimpare,* 392 F.3d 55, 60–61 (1st Cir.2004). First, the Court determines whether the facts alleged, taken in the light most favorable to the plaintiff, amount to a violation of a constitutional right. *Id.* at 61. Second, the Court determines whether the constitutional right was clearly established at the time of the alleged violation. *Id.* at 61. Finally, the Court determines whether a reasonable officer, similarly situated, would understand that his or her conduct violated that clearly established right. *Id.* at 61.

Defendants Toledo and Torres argue that they are entitled to qualified immunity because Defendant Toledo was not personally involved in the incidents surrounding Rosa's death, and because Defendant Torres did not violate any of Rosa's constitutional rights by arresting Rosa. The Court disagrees.

Plaintiffs raised sufficient allegations to defeat the qualified immunity defense at this stage of the pleadings. First, they alleged facts that, taken in the light most favorable to Plaintiffs, amount to a violation of a constitutional right. Second, their claims come under clearly established rights, specifically the rights under Section 1983 to recover for constitutional freedoms from unreasonable searches and seizures,

excessive use of force by persons acting under color of state law, and false arrest. Finally, the allegations in the complaint indicate that reasonable officials in Defendants' shoes would know their actions violated Rosa's rights. As such, Defendants are not entitled to qualified immunity at this time.

### D. *Statute of Limitations*

Defendants argue that Plaintiffs' claims under 42 U.S.C. Sections 1983 and 1988, and Articles 1802 and 1803 of the Puerto Rico Civil Code are time-barred by the applicable statutory limitations periods. Defendants argue that a one year statute of limitations period applies to these claims, and since Plaintiffs filed their claims on August 2, 2007, nearly two years after the statute of limitations began to run on August 16, 2005, Plaintiffs' claims are time-barred. As Plaintiffs explains in their opposition brief, the August 16, 2005 date was a clerical error. In their amended complaint (No. 6), Plaintiffs allege that the incidents giving rise to the lawsuit occurred on August 16, 2006, a year later. Therefore, Plaintiffs' claims are not time-barred because a year had not elapsed between the alleged constitutional violations and the date of the filing of the lawsuit. Thus, Defendants' statute of limitations argument fails.

### E. *Fifth Amendment Claim*

 Defendants also move to dismiss Plaintiffs' Fifth Amendment claim on the ground that the Fifth Amendment applies only to actions by the federal government. This argument is uncontested by Plaintiff in her opposition brief. It has long been established that the Fifth Amendment applies to actions of the federal government, not those of private individuals, nor of state governments. *Pub. Utilities Comm'n v. Pollak,* 343 U.S. 451, 72

S.Ct. 813, 96 L.Ed. 1068 (1952); *Gerena v. P.R. Legal Services, Inc.,* 697 F.2d 447, 449 (1983). There are no federal actors present as parties in this case, nor has Plaintiff alleged any federal action or omission. The Court will enter judgment dismissing the Plaintiffs' Fifth Amendment claim with prejudice.

### F. *Standing to Sue under Section 1983*

 Defendants move the Court to dismiss Plaintiff's Section 1983 claims on the ground that Plaintiff Mangual lacks standing to sue in her personal capacity and as representative of her minor children for the alleged deprivation of her deceased husband's constitutional rights.

 It is well-settled law in the United States Court of Appeals for the First Circuit that family members do not have standing to sue under Section 1983 in their personal capacity. *Vargas v. González,* 135 F.Supp.2d 305, 308 (D.P.R.2001) (citing *Soto v. Flores,* 103 F.3d 1056, 1062 (1st Cir.1997), *cert. denied,* 522 U.S. 819, 118 S.Ct. 71, 139 L.Ed.2d 32 (1997)). However, the First Circuit has allowed family members to sue on behalf of a deceased relative in very specific and limited situations.

First Circuit case law holds that surviving family members cannot recover in an action brought under Section 1983 for deprivation of rights secured by the federal constitution for their own damages for the victim's death unless the unconstitutional action was aimed at the family relationship. *Robles–Vázquez v. Tirado–García,* 110 F.3d 204, 206, n. 4 (1st Cir.1997).

 Examples of unconstitutional actions "aimed at" family relationships are government interference in certain private decisions (*e.g.,* contraception), or state action directly changing the parent-child re-

lationship (*e.g.,* termination of parental rights). *Vargas,* 135 F.Supp.2d at 309 (internal citations omitted). State action impacting the parent-child relationship only incidentally, although the result may be permanent as in the case of an unlawful death, is not sufficient to establish a violation of an identified liberty interest. *Id.*

The actions taken by Defendants do not fall within the two familial right categories identified by the First Circuit. The record does not demonstrate, and Plaintiffs do not claim, that the government interfered with any private family decision. Nor can it be said that Defendants' actions interfered with the rearing of a young child. Thus, Plaintiff thus lacks standing to sue under Section 1983 in her personal capacity. Plaintiff Mangual's claims in her personal capacity for relief under Section 1983 will be dismissed with prejudice.

■■■■ The Court must now determine whether Plaintiff Mangual has standing to sue under Section 1983 on behalf of Rosa's heirs, his minor children.[1] Section 1983 does not address the issue of the survivorship of an action upon death of a plaintiff. The United States Supreme Court has held that under 42 U.S.C. Section 1988, state law determines the survivorship of a Section 1983 action. *Rivera v. Medina,* 963 F.Supp. 78, 84 (D.P.R.1997) (citing *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978)). Puerto Rico does not have a survivorship statute dealing with tort cases specifically. *Rivera,* 963 F.Supp. at 84 (citing *Ferrer Encarnación v. Betancourt y Lebrón,* 855 F.Supp. 528 (D.P.R.1994)); *see also Vargas,* 135 F.Supp.2d at 310. However, the Supreme Court of Puerto Rico has held that survivorship is generally encompassed within Article 1802 of the Puerto Rico Civil

Code. *Id.* (citing *Vda. de Delgado v. Boston Ins. Co.,* 101 D.P.R. 598, 603 (1973)). Under Article 1802 of the Puerto Rico Civil Code, damages for the conscious pain and suffering of a plaintiff's decedent, as opposed to damages for his immediate death, are recoverable in wrongful death negligence cases. *Vda. de Delgado,* 101 D.P.R. at 598; *Consejo de Titulares v. CRUV,* 132 D.P.R. 707 (1993); *see also Morales v. United States,* 642 F.Supp. 269, 273 (D.P.R.1986).

■■■ Applying this reasoning, the Court concludes that Puerto Rico law allows an heir to bring a Section 1983 claim in a representative capacity only when there is a showing that the decedent suffered prior to his death. *Vargas,* 135 F.Supp.2d at 310. There is no question that Rosa suffered pain and discomfort prior to his death, given that was allegedly handcuffed, badly beaten, forced to flee into the water, and that he cried for help as he was drowning. The law of Puerto Rico allows Rosa's pain and suffering to transmit to his immediate heirs, who can bring an action claiming damages for the deceased's pain. As such, Plaintiff Mangual has standing under Section 1983 as a representative of the estate of Rosa, and as the representative for Rosa's minor children.

## IV. CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss. The Court will enter judgment dismissing with prejudice Plaintiffs' Fifth Amendment claims, and Plaintiffs' Section 1983 claims that are brought in her personal capacity. Plaintiffs' Section 1983 and 1988 claims for violations of their

---

**1.** Defendants do not contest that Plaintiff Mangual has a right to sue under Section

1983 as a representative of Rosa's estate.

rights under the Fourth and Fourteenth Amendments of the United States Constitution, as well as Plaintiffs' claims under Articles 1802 and 1803 of the Puerto Rico Civil Code, Article Eleven of the Constitution of Puerto Rico, and Puerto Rico common law, remain pending before the Court. Pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure, Defendants must answer the complaint on or before ten days from entry of this Order.

**IT IS SO ORDERED.**