Belitza ROSSI–CORTES,
et al., Plaintiffs

v.

Pedro TOLEDO–RIVERA,
et al., Defendants.

Civil No. 07–1033 (JP).

United States District Court,
D. Puerto Rico.

March 26, 2008.

Emilio F. Soler–Ramírez, Esq., Santurce, PR, for Plaintiffs.

María Maury–Soto, Esq., P.R. Dept. of Justice–Federal Litigation, Francisco J. Ortiz–García, Esq., P.R. Electric Power Authority, San Juan, PR, Johanna M. Emmanuelli–Huertas, Esq., Carmen Edith Torres–Rodríguez, Esq., Ortiz Alvarez Law Offices, Ponce, PR, for Defendants.

### OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

Before the Court are several motions to dismiss filed by Defendants Conga's Bar and Panchita's Pub (No. 9); the Municipality of Carolina (No. 10); and Pedro Toledo, the Commonwealth of Puerto Rico, Manuel Colón–Santiago, and Orlando Torres–Colón (No. 34).[1] Also before the Court are Plaintiffs' opposition briefs (Nos. 24 and 25), and Defendants' replies thereto (Nos. 40 and 41).[2] The relatives of Edgardo Soto–Rossi (collectively, "Plaintiffs"),[3] brought this action pursuant to 42 U.S.C. Sections 1983 and 1985 ("Section 1983" and "Section 1985") for alleged violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights of Edgardo Soto–Rossi ("Soto–Rossi"), who was shot by a Carolina Municipal Guard officer while patronizing a drinking establishment. Plaintiffs also brought state law claims pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141.

Defendants move to dismiss the complaint on several grounds, including lack of jurisdiction, lack of standing, failure to state a claim under Section 1983, absence of cognizable causes of action under the Fifth, Sixth, Eighth, and Fourteenth Amendments, qualified immunity, and Eleventh Amendment immunity. For the reasons stated herein, Defendants Conga's Bar and Panchita's Pub's motion to dismiss **(No. 9)** is **DENIED.** Defendants Com-

---

1. The Court granted Defendants Manuel Colón–Santiago and Orlando Torres–Colón's motion to join the motion to dismiss filed by Defendants Pedro Toledo and the Commonwealth of Puerto Rico (No. 55). As such, it will be treated as a motion filed jointly by these four Defendants.

2. Plaintiffs did not file an opposition to the motion to dismiss filed by Pedro Toledo, the Commonwealth of Puerto Rico, Manuel Co-

lón–Santiago, and Orlando Torres–Colón (No. 34).

3. Plaintiffs, by name, are Belitza Rossi–Cortés, Edgardo Soto–Infante, Solange Soto–Valcárcel, Cristina Milane Soto–Valcárcel, Patricia Valcárcel–Díaz, Aribelle Soto–Rossi, Alejandro Gabriel Soto–Rossi, Marcos Eduardo Soto–Rossi, Lydia Cortés–Cuevas, Antonio Ismael Rossi–Soto, and Benito Acevedo–Caraballo.

monwealth of Puerto Rico, Pedro Toledo, Manuel Colón–Santiago, and Orlando Torres–Colón's motion to dismiss (**No. 34**), and Defendant Municipality of Carolina's motion to dismiss (**No. 10**), are **GRANTED IN PART AND DENIED IN PART.**

## I. *LEGAL STANDARD FOR A MOTION TO DISMISS*

■ According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. *Id.* at 1974. The First Circuit has interpreted *Twombly* as sounding the death knell for the oft-quoted language of *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 94–95 (1st Cir. 2007), quoting *Twombly,* 127 S.Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 997 (1st Cir.1992). Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## II. *FACTUAL ALLEGATIONS*

On January 13, 2006, Soto–Rossi was a patron at Conga's Bar and Panchita's Pub (collectively, "Conga's Bar") in Río Pie-dras, Puerto Rico. Defendants Manuel Colón Santiago, Carlos Rodríguez Rodríguez, Orlando A. Torres–Colón, Efraín Maldonado–Crespo, and Emmanuel García–Feliciano, were working as security personnel at Conga's Bar. Their duties included screening patrons at the door and enforcing a "no bullets" policy.[4] The aforementioned Defendants are employees of the Puerto Rico Police Department (the "PRPD Defendants"), and Plaintiffs allege that they were working in their regular and official capacity as law enforcement officers when the events giving rise to this lawsuit occurred.

Plaintiffs allege that Defendant Erick Correa–Romero ("Correa") entered Conga's Bar carrying a loaded revolver while the PRPD Defendants were guarding the door. Defendant Correa is an officer for the Carolina Municipal Guard, and Plaintiffs allege that at the time of the incidents giving rise to the lawsuit, he was acting in his official capacity as a municipal guard officer. Plaintiffs allege that Defendant Correa aimed and discharged his revolver at Soto–Rossi. Soto–Rossi died as a result of the bullet wounds. Plaintiffs fail to provide any other factual details describing the events surrounding the shooting in their complaint.

## III. *ANALYSIS*

Plaintiffs bring claims under Section 1983 and Section 1985 for violations of Soto–Rossi's rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the U.S. Constitution. Plaintiffs also bring claims under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, Sections 5141–5142.

---

**4.** The Court understands a "no bullets" policy to mean that patrons were allowed to bring their guns into the bar, but they were not allowed to bring any ammunition.

### A. FAILURE TO STATE A CLAIM UNDER SECTION 1983

■ Defendant Municipality of Carolina moves to dismiss the complaint on the ground that Plaintiffs have failed to state a claim under Section 1983. Section 1983 provides a procedural mechanism for enforcing federal constitutional or statutory rights. *See Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). In order to prevail on a Section 1983 claim, a plaintiff must demonstrate that the defendant (1) acted under color of state law and (2) deprived him of the identified federal right. *See Cepero–Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir.2005) (quoting *Romero–Barceló v. Hernández–Agosto*, 75 F.3d 23, 32 (1st Cir.1996)). Puerto Rico is considered a state for Section 1983 purposes. *Rivera–Lugaro v. Rullán*, 500 F.Supp.2d 28, 39 (D.P.R.2007).

■ There is no heightened pleading standard in civil rights cases. *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66–67 (1st Cir.2004). The Court must determine whether the instant complaint satisfies the basic notice pleading requirements. *See Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 5 (1st Cir.2005). To meet those requirements, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. Rule 8(a)(2), and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For this purpose, the Court may draw upon documents annexed to the complaint or incorporated into it, as well as matters subject to judicial notice. *Centro Médico*, 406 F.3d at 5. The Court must not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

■ Defendant Municipality of Carolina moves to dismiss Plaintiffs' complaint for failure to demonstrate that Defendants were acting under the color of state law. The Court agrees with Defendant Municipality of Carolina that the complaint lacks basic facts that would be of utmost assistance to the Court's analysis. For example, Plaintiffs fail to inform the Court whether at the time of the shooting, Defendant Correa, a) was in uniform, b) arrived in a squad car, c) was on duty, and e) identified himself as a police officer. In terms of the PRPD Defendants, for instance, Plaintiffs failed to state whether they were paid by the state or by Conga's Bar, and whether they were in uniform or plain clothes. Despite these blatant factual gaps in the complaint, the Court holds that Plaintiffs have met their burden of pleading at this stage of the litigation. Given that Plaintiffs specifically allege that the PRPD Defendants and Defendant Correa were acting in their official capacities as police officers at the time of the shooting, the Court must consider these allegations as true. Therefore, the Court cannot dismiss Plaintiffs' claims for failure to state a constitutional violation under Section 1983 at this point in the lawsuit.

### B. SUPERVISORY LIABILITY UNDER SECTION 1983

■ Defendant Pedro Toledo ("Toledo") argues that Plaintiffs' Section 1983 claims against him should be dismissed because Plaintiffs failed to state a claim of supervisory liability or "failure to train." Supervisors may only be held liable under Section 1983 for their own acts or omissions. *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 48 (1st Cir.1999). Supervisory liability can be grounded on either the supervisor's direct participation in the unconstitutional conduct, or through conduct that amounts to condonation or tacit authorization. *See Camilo–Robles v. Zapata*,

175 F.3d 41, 44 (1st Cir.1999). In order to bring a successful Section 1983 claim against a supervisory defendant, a plaintiff must be able to show that the defendant's conduct actually *caused* the infringement upon the plaintiff's rights. *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir.1985) (emphasis added).

 Plaintiffs allege that Defendant Toledo is liable under Section 1983 because he failed to provide proper training to the police officers under his command, and because he failed to implement policies that would prevent the type of conduct at issue in this action. Merely alleging that a supervisor failed to train his subordinates is patently insufficient to establish a Section 1983 claim against the supervisor. *Figueroa–Flores v. Acevedo–Vilá,* 491 F.Supp.2d 214, 226 (D.P.R.2007); *see also Esteras v. Díaz,* 266 F.Supp.2d 270 (D.P.R. 2003) (dismissing "failure to train" claim against police superintendent for plaintiffs' failure to plead minimum facts in support of such a claim in the complaint). Allegations that a supervisor failed to train his subordinate officers and that he should be held liable for such failure, without identifying the factual underpinnings of such failure, nor identifying the causal nexus between the failed training and the subordinate's misconduct, are not enough to sustain a claim of liability under Section 1983. *Figueroa–Flores,* 491 F.Supp.2d at 226. "Biolerplate language" regarding a defendant's failure to train his subordinates is insufficient to sustain a Section 1983 claim. *Esteras,* 266 F.Supp.2d at 283.

 The Court holds that Plaintiffs failed to plead facts sufficient to state a Section 1983 claim against Defendant Toledo. Their only allegations against Defendant Toledo are the following: "Defen-

dant Toledo ... failed to adequately hire, select, train, suspend and ensure law/regulations compliance concerning all officers, effecting gross negligence and deliberate indifferent to safety and rights." (Compl.¶ 4.6). Plaintiffs fail to identify the factual underpinnings of Defendant Toledo's alleged failure to train his subordinates, as well as the causal nexus between this failure and the actions committed by the PRPD Defendants pertaining to shooting. *Figueroa–Flores,* 491 F.Supp.2d at 226. The brief reference to Defendant Toledo by Plaintiffs in their complaint is clearly the "boilerplate language" that this Court has held to be insufficient to substantiate a claim for supervisory liability. *Esteras,* 266 F.Supp.2d at 283. As such, the Court **DISMISSES** the complaint against Defendant Toledo.

### C. *ELEVENTH AMENDMENT IMMUNITY*

 In their motion to dismiss, Defendants Commonwealth of Puerto Rico, Pedro Toledo, and the PRPD Defendants argue that the Commonwealth of Puerto Rico is immune from suit under the Eleventh Amendment.[5] Specifically, Defendants argue that the Eleventh Amendment prohibits actions in federal court against an unconsenting state. Defendants argue that the Commonwealth of Puerto Rico has not waived immunity, and therefore the instant case should be dismissed.

 The Eleventh Amendment bars a suit brought in federal courts for monetary damages against states, unless the state being sued waives its immunity or consents to be sued. U.S. CONST. amend. XI. This protection renders states, including Puerto Rico, immune from claims

---

**5.** The Court dismissed all claims against Defendant Toledo for failure to state a claim of supervisory liability under Section 1983, *supra.* As such, the Court will only consider the Eleventh Amendment arguments of the Commonwealth of Puerto Rico and the PRPD Defendants in this section.

brought in federal courts by citizens of the same or any other state. *Metcalf & Eddy v. Puerto Rico Aqueduct & Sewer Auth.,* 991 F.2d 935, 939 (1st Cir.1993).

 There are some narrow exceptions to Eleventh Amendment immunity. One of these exceptions is when Congress has "unequivocally expresse[d] its intent to abrogate the immunity" and has acted "pursuant to a valid exercise of power." *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985). The instant case is brought by Plaintiffs pursuant to Section 1983. However, it is well settled that Section 1983 does not override the Eleventh Amendment. *Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *see also Spickler v. State,* 54 F.3d 764 (1st Cir.1995) (affirming district court opinion stating that "the enactment of § 1983 did not serve to abrogate the states' Eleventh Amendment immunity"). *See, e.g., Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506, 516 (1st Cir.1987) (holding that the Eleventh Amendment bars recovery of damages in a federal court against the Commonwealth of Puerto Rico). Accordingly, Defendant Commonwealth of Puerto Rico is entitled to immunity and Plaintiffs' claims against Defendant Commonwealth of Puerto Rico will be **DISMISSED** with prejudice. Further, Plaintiffs' claims against Defendant Puerto Rico employees Manuel Colón Santiago, Carlos Rodríguez Rodríguez, Orlando A. Torres–Colón, Efraín Maldonado–Crespo, and Emmanuel García–Feliciano, in their official capacities only, will be **DISMISSED** with prejudice. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Brandon v. Holt,* 469 U.S. 464, 471, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985) ("a judgment against a public servant in his official capacity imposes liability on the entity that he represents . . .").

### D. *FIFTH AMENDMENT CLAIMS*

Defendants move to dismiss Plaintiffs' Fifth Amendment claims on the ground that the Fifth Amendment applies only to actions by the federal government. This argument is uncontested by Plaintiffs in their opposition briefs.

 It has long been established that the Fifth Amendment applies to actions of the federal government, not those of private individuals, nor of state governments. *Pub. Utilities Comm'n v. Pollak,* 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1952); *Gerena v. P.R. Legal Services, Inc.,* 697 F.2d 447, 449 (1983). There are no federal actors present as parties in this case, nor have Plaintiffs alleged any federal actions or omissions. The Court will enter judgment **DISMISSING** Plaintiffs' Fifth Amendment claims with prejudice.

### E. *SIXTH AMENDMENT CLAIMS*

Defendants likewise move to dismiss Plaintiffs' Sixth Amendment claims on the ground that the Sixth Amendment is inapplicable to Plaintiffs' claims. Plaintiffs do not oppose this argument.

The Sixth Amendment affords defendants the right to a speedy and public trial. U.S. CONST. amend. VI. The United States Court of Appeals for the First Circuit has interpreted the Sixth Amendment to protect citizens' rights to a fair trial, which includes *inter alia* the effective assistance of counsel and the right to cross-examine witnesses. *See Sleeper v. Spencer,* 510 F.3d 32, 39 (1st Cir.2007); *United States v. Hatch,* 514 F.3d 145 (1st Cir.2008).

Plaintiffs have not alleged that their right to a trial was somehow abridged. In fact, Plaintiffs make no allegations that they were parties to an adversarial proceeding. Because none of the facts alleged by Plaintiffs in their complaint have anything to do with the protections set forth

in the Sixth Amendment, the Court will enter judgment **DISMISSING** Plaintiffs' Sixth Amendment claims with prejudice.

### F. *EIGHTH AMENDMENT CLAIMS*

Defendants move to dismiss Plaintiffs' Eighth Amendment claims, arguing that the Eighth Amendment applies to the rights of incarcerated individuals, which is not relevant here. Again, this argument was not addressed by Plaintiffs in their opposition briefs.

The Eighth Amendment, which prohibits cruel and unusual punishment, was designed especially for the protection of those convicted of crimes. *Ayala Serrano v. González*, 909 F.2d 8, 14 (1st Cir.1990). As such, it is well-established that the Eighth Amendment applies only after a prisoner is convicted. *See United States v. Myers*, 972 F.2d 1566, 1571 (11th Cir.1992). The treatment a prisoner receives while incarcerated and the conditions under which he is confined are subject to Eighth Amendment scrutiny. *Giroux v. Somerset County*, 178 F.3d 28, 31 (1st Cir.1999) (internal citations omitted).

Plaintiffs have not offered any facts to substantiate their Eighth Amendment claims. They allege that Soto–Rossi's rights were violated when he was in a bar, not in a prison. There is no evidence on the record that Soto–Rossi was convicted of any crime, or that he was in detention when he was shot and killed. As such, the Court will enter judgment **DISMISSING** Plaintiffs' Eighth Amendment claims with prejudice.

### G. *FOURTEENTH AMENDMENT CLAIMS*

Defendant Municipality of Carolina moves to dismiss Plaintiffs' Fourteenth Amendment claims on the ground that Plaintiffs' allegations fall squarely under the Fourth Amendment, which should be utilized as the proper analytical framework in lieu of a due process analysis. Once again, Plaintiffs do not respond to this argument in their opposition briefs.

The Fourteenth Amendment to the U.S. Constitution provides that no state shall deprive any person of life, liberty or property without due process of law. U.S. CONST. amend. XIV; *see generally Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The Supreme Court clearly has held that "not all actions of state officials that result in a loss of life, liberty, or property are 'deprivations' within the meaning of the Fourteenth Amendment." *Germany v. Vance*, 868 F.2d 9, 17 (1st Cir.1989), citing *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

Defendants move to dismiss Plaintiffs' Fourteenth Amendment claims on the grounds that Plaintiffs' claims are more appropriately classified as alleged violations of Plaintiffs' rights under the Fourteenth Amendment. The United States Supreme Court has held that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. *United States v. Lanier*, 520 U.S. 259, 272, n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). The Court agrees with Defendants that Plaintiffs' allegations stem from violations of the Fourth Amendment. As such, the Court will enter judgment **DISMISSING** with prejudice Plaintiffs' Fourteenth Amendment claims.

### H. *LACK OF STANDING TO SUE UNDER SECTION 1983*

Defendants Commonwealth of Puerto Rico, Pedro Toledo, and the PRPD

Defendants move the Court to dismiss Plaintiffs' Section 1983 claims on the ground that all Plaintiffs lack standing to sue in for the alleged deprivation of Rossi–Soto's constitutional rights. Plaintiffs explained their relationships to Rossi–Soto as follows: Plaintiff Belitza Rossi–Cortés is Soto–Rossi's mother; Plaintiff Edgardo Soto–Infante is Soto–Rossi's father; Plaintiffs Solange Soto–Valcárcel and Cristina Milane Soto–Valcárcel are Soto–Rossi's daughters; Patricia Valcárcel–Díaz is the mother of Soto–Rossi's daughters;[6] Aribelle Soto–Rossi, Alejandro Gabriel Soto–Rossi and Marcos Eduardo Soto–Rossi are Soto–Rossi's siblings; Lydia Cortés–Cuevas and Antonio Ismael Rossi–Soto are Soto–Rossi's grandparents; Benito Acevedo–Caraballo is Soto–Rossi's stepfather.

 It is well-settled law in the United States Court of Appeals for the First Circuit that family members do not have standing to sue under Section 1983 in their personal capacity. *Vargas v. González,* 135 F.Supp.2d 305, 308 (D.P.R.2001) (citing *Soto v. Flores,* 103 F.3d 1056, 1062 (1st Cir.1997), *cert. denied,* 522 U.S. 819, 118 S.Ct. 71, 139 L.Ed.2d 32 (1997)). However, the First Circuit has allowed family members to sue on behalf of a deceased relative in very specific and limited situations:

> First Circuit case law holds that surviving family members cannot recover in an action brought under Section 1983 for deprivation of rights secured by the federal constitution for their own damages for the victim's death unless the unconstitutional action was aimed at the family relationship. *Robles–Vázquez v. Tirado–García,* 110 F.3d 204, 206, n. 4 (1st Cir.1997).

 Examples of unconstitutional actions "aimed at" family relationships are

government interference in certain private decisions (*e.g.,* contraception), or state action directly changing the parent-child relationship (*e.g.,* termination of parental rights). *Vargas,* 135 F.Supp.2d at 309 (internal citations omitted). State action impacting the parent-child relationship only incidentally, although the result may be permanent as in the case of an unlawful death, is not sufficient to establish a violation of an identified liberty interest. *Id.*

The actions allegedly taken by Defendants do not fall within the two familial right categories identified by the First Circuit. The record does not demonstrate, and Plaintiffs do not claim, that the government interfered with any private family decision. Nor can it be said that Defendants' actions interfered with the rearing of a young child. Thus, Plaintiffs thus lack standing to sue under Section 1983 in their personal capacities.

 The Court must now determine whether Plaintiffs have standing to sue under Section 1983 on behalf of Soto–Rossi's estate. Section 1983 does not address the issue of the survivorship of an action upon death of a plaintiff. The United States Supreme Court has held that under 42 U.S.C. Section 1988, state law determines the survivorship of a Section 1983 action. *Rivera v. Medina,* 963 F.Supp. 78, 84 (D.P.R.1997) (citing *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978)). Puerto Rico does not have a survivorship statute dealing with tort cases specifically. *Rivera,* 963 F.Supp. at 84 (citing *Ferrer Encarnación v. Betancourt y Lebrón,* 855 F.Supp. 528 (D.Puerto Rico 1994)); *see also Vargas,* 135 F.Supp.2d at 310. However, the Supreme Court of Puerto Rico has held that survivorship is generally encompassed

---

**6.** Plaintiffs do not allege that Patricia Valcárcel–Díaz is Soto–Rossi's wife or that a conjugal partnership exists.

within Article 1802 of the Puerto Rico Civil Code. *Id.* (citing *Vda. de Delgado v. Boston Ins. Co.,* 101 D.P.R. 598, 603 (1973)). Under Article 1802 of the Puerto Rico Civil Code, damages for the conscious pain and suffering of a plaintiff's decedent, as opposed to damages for his immediate death, are recoverable in wrongful death negligence cases. *Vda. de Delgado,* 101 D.P.R. at 598; *Consejo de Titulares v. CRUV,* 132 D.P.R. 707 (1993); *see also Morales v. United States,* 642 F.Supp. 269, 273 (D.P.R.1986).

■ Applying this reasoning, the Court concludes that Puerto Rico law allows an heir to bring a Section 1983 claim in a representative capacity only when there is a showing that the decedent suffered prior to his death. *Vargas,* 135 F.Supp.2d at 310. There is no question that Soto–Rossi suffered pain and discomfort prior to his death, given that he was allegedly shot and killed in a brutal assault. The law of Puerto Rico allows Soto–Rossi's pain and suffering to transmit to his immediate heirs, who can bring an action claiming damages for the deceased's pain. According to Puerto Rico law, Soto–Rossi's immediate heirs are his children, Plaintiffs Solange Soto–Valcárcel and Cristina Milane Soto–Valcárcel. *See* P.R. Laws Ann., Tit. 31, § 2641. As such, Solange Soto–Valcárcel and Cristina Milane Soto–Valcárcel have standing to sue under Section 1983 as representatives of the estate of Soto–Rossi. The Court will **DISMISS** the claims of Plaintiffs Belitza Rossi–Cortés, Edgardo Soto–Infante, Patricia Valcárcel–Díaz, Aribelle Soto–Rossi, Alejandro Gabriel Soto–Rossi, Marcos Eduardo Soto–Rossi, Lydia Cortés–Cuevas, Antonio Ismael Rossi–Soto, and Benito Acevedo–Caraballo, with prejudice.

### I. *CLAIMS UNDER SECTION 1985*

■ Although Plaintiffs' Section 1985 conspiracy claims were not addressed in Defendants' motions to dismiss, the Court will briefly address the inadequacies of Plaintiffs' conspiracy claims. Pleading a conspiracy under Section 1985 "requires at least minimum factual support of the existence of a conspiracy." *Rolón v. Rafael Rosario & Assocs.,* 450 F.Supp.2d 153, 159 (D.P.R.2006) (citing *Francis–Sobel v. University of Maine,* 597 F.2d 15, 17 (1st Cir.1979)). If a complaint fails to elaborate or substantiate bald claims that the defendants conspired with one another, dismissal of the Section 1985 claims is warranted. *Slotnick v. Garfinkle,* 632 F.2d 163, 166 (1st Cir.1980). Thus, a plaintiff's complaint containing "vague, conclusory allegations of conspiracy, without any specification of the agreement forming the conspiracy," fails to state a claim under Section 1985. *Rolón,* 450 F.Supp.2d at 159–160. Plaintiffs who allege conspiracy must 1) expressly claim that an agreement was formed between conspirators, or 2) make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred. *Id.*

Here, although Plaintiffs allege that their lawsuit arises "from a lethal, brutal and unreasonable assault and its conspiracy ... under Section 1985 ..." (Compl.¶ 1.1), they fail to allege any other facts that would support a conspiracy theory. They do not specify which Defendants conspired together, nor do their allegations even faintly suggest that an agreement was formed between the alleged unidentified conspirators. Given the heightened standard of pleading for Section 1985 cases, the Court *sua sponte* **DISMISSES** Plaintiffs' claims under Section 1985.

### J. *JURISDICTION OVER PUERTO RICO LAW CLAIMS*

■ Defendant Conga's Bar moves to dismiss the complaint under Rule 12(b)(1)

of the Federal Rules of Civil Procedure on the ground that the Court lacks subject matter jurisdiction over the state law claims. Plaintiffs invoked pendent jurisdiction pursuant to 28 U.S.C. Section 1367 for the Court to consider its state law claims along with its federal claims. The doctrine of pendent jurisdiction allows federal courts to exercise jurisdiction over a party, not otherwise subject to federal jurisdiction, if the state claims against this party are related to federal claims properly asserted against other defendants in the case. *Antilles Ins. Co. v. M/V Abitibi Concord*, 755 F.Supp. 42, 44 (D.P.R.1991). Because Plaintiffs' claims against Conga's Bar are related to the federal claims that remain pending before the Court, the Court **DENIES** Defendant Conga's Bar's motion to dismiss on jurisdictional grounds.

## IV. *CONCLUSION*

In conclusion, the Court **DISMISSES** Plaintiffs' conspiracy claims brought pursuant to 42 U.S.C. Section 1985, and Plaintiffs' claims under the Fifth, Sixth, Eighth, and Fourteenth Amendments.

The Court **DISMISSES** all claims against Defendants Commonwealth of Puerto Rico and Pedro Toledo. The Court likewise **DISMISSES** Plaintiffs' claims against Defendants Manuel Colón Santiago, Carlos Rodríguez–Rodríguez, Orlando A. Torres–Colón, Efraín Maldonado–Crespo, and Emmanuel García–Feliciano, in their official capacities only.

The Court **DISMISSES** the claims brought by Plaintiffs Belitza Rossi–Cortés, Edgardo Soto–Infante, Patricia Valcárcel–Díaz, Aribelle Soto–Rossi, Alejandro Gabriel Soto–Rossi, Marcos Eduardo Soto–Rossi, Lydia Cortés–Cuevas, Antonio Ismael Rossi–Soto, and Benito Acevedo–Caraballo, for lack of standing.

Plaintiffs Solange Soto–Valcárcel and Cristina Milane Soto–Valcárcel's Section 1983 claims for violations of their rights under the Fourth Amendment of the United States Constitution remain pending before the Court. Also still before the Court are Plaintiffs' claims brought pursuant to Article 1802 of the Puerto Rico Civil Code.

**IT IS SO ORDERED.**