David **CRESPO MORALES, Plaintiff**

v.

**Hon. Pedro TOLEDO as Superintendent of the Puerto Rico Police Department, et al., Defendants.**

**Civil No. 07–1833 (JAG).**

United States District Court, D. Puerto Rico.

July 22, 2008.

---

Jose J. Santos–Mimoso, San Juan, PR, for Plaintiff.

Teresa S. Zapata–Valladares, Departamento de Justicia, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On September 10, 2007, David Crespo Morales ("plaintiff") filed a complaint against Hon. Pedro Toledo, as Superintendent of the Puerto Rico Police Department; Puerto Rico Police Officer Joel Colon Justiniano; Puerto Rico Police Officers John Doe and Richard Roe; the Commonwealth of Puerto Rico and Insurance Company XZY under 42 U.S.C. § 1983 and several state statutes. (Docket No. 1). Plaintiff alleges Fourth, Fifth and Fourteenth Amendment violations under the Constitution of the United States and also claims money damages under Article 1802 of the Puerto Rico Civil Code, P.R.Laws Ann. Tit. 31 §§ 5141 and 3077.

Pending before the Court is a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) filed by defendant Commonwealth of Puerto Rico (the "Commonwealth") on February 13, 2008 (Docket No. 9), plaintiff's opposition thereto (Docket No. 10) and the Commonwealth's reply (Docket No. 15). For the reasons set forth below, the Court GRANTS the Motion to Dismiss.

## FACTUAL BACKGROUND

On September 11, 2006, close to midnight, plaintiff was driving his vehicle in the vicinity of Betances Avenue in Bayamon, Puerto Rico. As he parked the car in the parking lot of the Las Gardenias Housing Development, Puerto Rico Police Department officers approached him with weapons drawn and then threw him to the ground and cuffed his hands behind his back. As he laid on the ground, the offi-

cers assaulted plaintiff, alleging that the plaintiff had concealed weapons. The officers hit, kicked and manhandled plaintiff, including jerking him by the neck and stepping on plaintiff's face. Thereafter, the officers arrested plaintiff, took him into custody, and charged him with driving under the influence, obstruction of justice, and driving with an expired license. He was not charged with any Weapons Law violation nor were any weapons found on him. While in custody, plaintiff repeatedly requested medical treatment for the injuries suffered from the beating he had received. The officers did not heed plaintiff's requests but left him in the station cell in great pain and suffering. Plaintiff remained in custody until about 4:00 a.m., when he was released. Plaintiff immediately sought medical treatment at Hospital Hermanos Melendez Emergency Room, where he was diagnosed with multiple body trauma, including the forehead, both ears, arms, and legs. He was also diagnosed with a fracture to his right arm. All criminal charges against plaintiff were eventually dropped.

## DISCUSSION

### A. Standard of Review

 Pursuant to Fed.R.Civ.P. Rule 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). To survive dismissal for failure to state a claim, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1967, 167 L.Ed.2d 929 (2007). According to *Twombly,* the complaint must state enough facts to "nudge [plaintiffs'] claims

across the line from conceivable to plausible." *Id.* at 1974. Therefore, to preclude dismissal pursuant to Fed.R.Civ.P. 12(b)(6), the complaint must rest on factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

At the motion to dismiss stage, the court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). Thus, plaintiffs bear the burden of stating factual allegations regarding each element necessary to sustain recovery under some actionable theory. *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988). The court need not address complaints supported only by "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

### B. Analysis

 The Commonwealth argues that the complaint against it should be dismissed on Eleventh Amendment immunity grounds. "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).[1] Plaintiff concedes that the Commonwealth is entitled to Eleventh Amendment immunity of his claims under 42 U.S.C. § 1983. However, plaintiff sustains that the complaint also includes causes of actions under P.R.Laws Ann. Tit. 32 § 3077 for violations of P.R.Laws Ann. Tit. 31 § 5141 (Puerto Rico's general tort statute) and

---

1. For purposes of Eleventh Amendment immunity analysis, the Commonwealth of Puerto Rico is treated as a state. *See Redondo*

*Constr. Corp. v. P.R. Highway & Transp. Auth.,* 357 F.3d 124, 125 n. 1 (1st Cir.2004).

that the Commonwealth has waived its sovereign immunity under said statutes.

Plaintiff is mistaken. While P.R.Laws Ann. Tit 32 § 3077 authorizes claims and suits against the Commonwealth, said statute only applies to suits before the Commonwealth's own courts. It is not a waiver of sovereign immunity before federal courts. *See Diaz–Fonseca v. Puerto Rico,* 451 F.3d 13, 33–34 (2006). Moreover, plaintiff does not argue that the Commonwealth has waived its immunity by any other means. Accordingly, plaintiff's claims against the Commonwealth are barred by Eleventh Amendment immunity.[2]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Commonwealth's motion to dismiss. Partial Judgment shall enter accordingly.

IT IS SO ORDERED.

---

**2.** In any case, this Court has discretion to decline supplemental jurisdiction over the state-law claims asserted in this case. Under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, the dismissal of a plaintiff's federal claim at the early stages of a suit, well before the commencement of trial, triggers the dismissal without prejudice of any supplemental state-law claims. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *see also Martinez v. Colon,* 54 F.3d 980, 990 (1st Cir.1995)(affirming dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question existed"). Because the federal claims are being properly dismissed, this Court does not abuse its discretion in declining to exercise supplemental jurisdiction over the state-law claims asserted in the case. *Ramos–Piñero v. Puerto Rico,* 453 F.3d 48, 55 (1st Cir.2006).