**David Crespo MORALES, Plaintiff**

**v.**

**Hon. Pedro TOLEDO as Superintendent of the Puerto Rico Police Department, et al., Defendant(s).**

**Civil No. 07–1833 (JAG).**

United States District Court,
D. Puerto Rico.

April 27, 2009.

**170**

Jose J. Santos–Mimoso, San Juan, PR, for Plaintiff.

Christian E. Pagan–Cordoliani, Puerto Rico Department of Justice, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Hon. Pedro Toledo–Davila ("Toledo") and Joel Colon–Justiniano's ("Colon") (collectively "Defendants") Motion to Dismiss. (Docket No. 16). For the reasons set forth below, the Court **GRANTS in Part and DENIES in Part** Defendant's Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND [1]

On September 10, 2007, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 [2] against Toledo, Superintendent of the Puerto Rico Police Department, in his official and personal capacity; Colon, a Puerto Rico Police Officer, in his official and personal capacity; John Doe and Richard Roe, Puerto Rico Police Officers, in their official and personal capacities; the Commonwealth of Puerto Rico [3]; and Insurance Company XYZ. (Docket No. 1). In his complaint, Plaintiff seeks redress for an alleged violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. Supplemental jurisdiction pursuant to Puerto Rico laws are premised on the same alleged violations.[4]

---

1. The following facts, taken from the complaint, must be accepted as true for the purpose of this motion. *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 5 (1st Cir.2005).

2. Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..." 42 U.S.C. § 1983.

3. On July 22, 2008, the Court granted the Commonwealth's motion to dismiss. 598 F.Supp.2d 196 (D.P.R.2008).

4. Plaintiff claims an action for monetary damages pursuant to Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141 (Puerto

On September 11, 2006, David Crespo Morales ("Plaintiff") claims that he was driving his vehicle at midnight in the vicinity of Betances Avenue in Bayamon. (Docket No. 1, ¶ 11). Plaintiff asserts that as he was parking his car in the parking lot of the Las Gardenias Housing Development, Puerto Rico Police Department ("PRPD") officers Colon, John Doe, and Richard Roe approached him with weapons drawn, threw him to the ground, and cuffed his hands behind his back. *Id.* Furthermore, Plaintiff contends that as he laid on the ground, these three police officers assaulted him because Plaintiff had allegedly concealed weapons. *Id.* at ¶ 12. Plaintiff states that the officers hit him, kicked him, and violently manhandled him, including jerking him by the neck, and stepping on his face.(Docket No. 1, ¶ 12). Afterwards, the officers arrested Plaintiff, took him into custody, and charged him with driving under the influence, obstruction of justice, and driving with an expired license. *Id.* at ¶ 13. Plaintiff notes that he was neither charged with any weapons violation, nor were any weapons found on him. *Id.*

While in custody, Plaintiff asserts that he repeatedly requested medical treatment for injuries suffered from the assault, but that the officers did not heed his requests. *Id.* at ¶ 14. Allegedly, Plaintiff remained in custody and was released until around four in the morning (4:00 a.m.). *Id.* at ¶ 15. Plaintiff contends that he immediately sought medical treatment at the Hospital Hermanos Melendez Emergency Room, where he was diagnosed with a fracture to his right arm, and multiple body trauma, including the forehead, both ears, arms, and legs. *Id.* at ¶ 16. Plaintiff claims that all criminal charges against him were eventually dropped. *Id.* at ¶ 17.

On April 22, 2008, Defendants filed the present Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (Docket No. 16). Defendants assert that the claims against the officers in their official capacities are barred by the Eleventh Amendment. *Id.* Furthermore, Defendants contend that with regards to the claims in their personal capacities they are entitled to Qualified Immunity. *Id.* Defendants also allege that the complaint does not contain sufficient allegations to sustain a Supervisory Liability claim against Toledo. *Id.* On May 28, 2008, Plaintiff opposed the Motion to Dismiss. (Docket No. 19).

For the reasons set below, Defendants' Motion to Dismiss is **Granted in Part and Denied in part.**

## STANDARD OF REVIEW

### I. Motion to Dismiss

In *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95–96 (1st Cir.2007) (quoting *Twombly,* 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See*

Rico's general tort statute) and 32 L.P.R.A. § 3077, known as the "Ley de Pleitos Contra

el Estado" (Puerto Rico's waiver of sovereign immunity for tort claims against the State).

*Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

## ANALYSIS

In their present Motion to Dismiss, Defendants assert that (1) claims against their official capacities should be dismissed on Eleventh Amendment grounds, and (2) claims against them in their personal capacities should be dismissed on the grounds of Qualified Immunity and Supervisory Liability. In his Response to the Motion to Dismiss, Plaintiff concedes that Eleventh Amendment Immunity bars claims against Defendants in their official capacity. Accordingly, all claims under federal and state law against Defendants in their official capacities are hereby **DISMISSED**. Therefore, the Court will only address the remaining claims.

 Plaintiff brings the present suit under Section 1983. This statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Gra-*

*ham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (internal citations and quotation marks omitted). Thus, section 1983 "provides a procedural mechanism for enforcing federal constitutional rights." *Rossi–Cortes v. Toledo–Rivera*, 540 F.Supp.2d 318, 323 (D.P.R. 2008) (citing *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)). In order to prevail in a Section 1983 claim, a plaintiff must demonstrate that the defendant (1) acted under color of state law,[5] and (2) deprived him or her of an identified federal right. *Cepero–Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir.2005)(citing *Romero–Barcelo v. Hernandez–Agosto*, 75 F.3d 23, 32 (1st Cir.1996)). Under the second prong, a plaintiff must also show that "the conduct complained of must have been causally connected to the deprivation." *Rodriguez–Cirilo v. Garcia*, 115 F.3d 50, 52 (1st Cir.1997); *Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 559 (1st Cir.1989). As the First Circuit has stated:

> Personal participation is not the only predicate for section 1983 liability. Anyone who "causes" any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.

*Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 560–61 (1st Cir.1989).

In the case at bar, both Toledo and Colon are state officers. As such, the first requirement of a Section 1983 claim has been met. Thus, this Court must next address whether Plaintiff has a valid constitutional claim under the Fourth, Fifth,

**5.** In determining a section 1983 claim, Puerto Rico is considered a state. *Rossi–Cortes,* 540

F.Supp.2d at 323 (citing *Rivera–Lugaro v. Rullan,* 500 F.Supp.2d 28, 39 (D.P.R.2007)).

and Fourteenth Amendment of the Constitution of the United States.

## I. *Fourth Amendment* [6]

The Fourth Amendment of the Constitution of the United States protects citizens against unreasonable searches and seizures from the government. U.S. Const. Amend. IV. The Fourth Amendment recognizes two classes of seizures: arrests and temporary detentions. *Morelli v. Webster*, 552 F.3d 12, 19 (1st Cir.2009). In order to carry out an arrest, "a police officer must have probable cause to believe that person committed a crime." *Tennessee v. Garner*, 471 U.S. 1, 7, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); *see also Crispin–Taveras v. Municipality of Carolina*, No. 07–2017, 2009 WL 349751, at *4 (D.P.R. February 10, 2009). In the present case, Plaintiff claims that he was unreasonably seized, or arrested, within the meaning of the Fourth Amendment.

Plaintiff further alleges that the officers used physical and excessive force during his arrest. The Supreme Court has held that "all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach" of the Fourteenth Amendment. *Graham*, 490 U.S. at 395, 109 S.Ct. 1865. It also held that to determine whether the force used to effect a particular arrest is "reasonable" under the Fourth Amendment "requires careful attention to the facts and circumstances of each particular case, including (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or oth-

ers, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396, 109 S.Ct. 1865. It also requires a careful balancing of the "nature and quality of the intrusion on the individual's Fourth Amendment interest" against countervailing governmental interests at stake. *Garner*, 471 U.S. at 8, 105 S.Ct. 1694 (internal citations omitted). Therefore, "the 'reasonableness' of a particular seizure depends not only when it is made, but also how it is carried out." *Graham*, 490 U.S. at 395, 109 S.Ct. 1865 (citing *Garner*, 471 U.S. at 8, 105 S.Ct. 1694).

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396, 109 S.Ct. 1865. Furthermore, the Supreme Court has stated that:

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

*Id.* at 396–97, 109 S.Ct. 1865. Thus, when analyzing the reasonableness factor in an excessive force claim, the "question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motive." *Id.* at 397, 109 S.Ct. 1865.

█ In the present case, Plaintiff alleges that when he parked his car, Colon and two other officers approached him with

---

**6.** "To establish a Fourth Amendment excessive force claim, a plaintiff must show that defendant employed force that was unreason- able under all circumstances." *Morelli v. Webster*, 552 F.3d 12, 23 (1st Cir.2009).

weapons drawn, threw him to the ground, cuffed his hands to the back, alleged that he was concealing weapons, and assaulted him. Plaintiff asserts that as a result he suffered a fracture to his right arm and multiple body trauma. Taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, it seems that the police officers did not confront such tense, uncertain or dangerous circumstances that would justify the use of excessive force during the arrest. Furthermore, there are no allegations from either party indicating that Plaintiff posed a threat to the safety of the officers or that there was any meaningful degree of resistance. Thus, Plaintiff has raised sufficient allegations at this stage of the pleadings to demonstrate that the police officers' actions were unreasonable during the arrest. Accordingly, Plaintiff has proffered an adequate Fourth Amendment claim.

## II. *Fifth Amendment*

■ The due process clause of the Fifth Amendment states that: "No person shall ... be deprived of life, liberty or property, without due process of law ..." U.S. Const. Amend. V. The Fifth Amendment only applies to actions of the federal government not those of private individuals, nor of state governments. *Public Utilities Commission v. Pollak,* 343 U.S. 451, 461, 72 S.Ct. 813, 96 L.Ed. 1068 (1952); see also *Martinez Diaz,* 600 F.Supp.2d at 324–25. In the case at bar, Defendants are being sued in their personal capacities or state officers. As such, the Fifth Amendment is inapplicable to Defendants, and Plaintiff's Fifth Amendment claims shall be **DISMISSED.**

7. This conduct must reflect either intentional, grossly negligence, or a reckless or callous indifference to plaintiff's rights. *Gutierrez–*

## III. *Fourteenth Amendment*

■ The United States Supreme Court has clarified that "all claims in which law enforcements have used excessive force, deadly or not, in the course of arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach" of the Fourteenth Amendment. *Graham,* 490 U.S. at 395, 109 S.Ct. 1865; *see also Martinez Diaz v. Unknown Officers of the Puerto Rico Police Department,* 600 F.Supp.2d 318, 323–24 (D.P.R.2008). Therefore, Plaintiff's claims of violations of his rights under the Fourteenth Amendment are hereby **DISMISSED.**

After determining that Plaintiff has proffered a valid Fourth Amendment claim, this Court must now determine whether the conduct complained of is causally connected to the deprivation.[7] In order to establish a causal connection linking this conduct to the alleged deprivation, the plaintiff must establish that defendant was personally involved in the deprivation, or "set in motion a series of acts by others which defendant knows or reasonably should know would cause others to inflict the constitutional injury." *Gutierrez–Rodriguez,* 882 F.2d at 561.

■ In the present case, Plaintiff alleges that Colon was one of the police officers who, acting under color of state law, arrested, assaulted and used excessive force upon him. Plaintiff further asserts that Colon's conduct displayed reckless disregard and intentional abuse, gross negligence and deliberate indifference to his constitutional rights. Taking these allegations as true, it is clear that Colon was

*Rodriguez,* 882 F.2d at 559 n. 4; *Germany v. Vance,* 868 F.2d 9, 16 & 18 (1st Cir.1989).

personally involved in the deprivation of Plaintiff's constitutional rights. Accordingly, Plaintiff has alleged an adequate Section 1983 claim against Colon in his personal capacity.

■ On the other hand, the complaint barely contains allegations of as to Toledo's involvement in the alleged deprivation of Plaintiff's rights. In an action brought under section 1983, "supervisors are not automatically liable for the misconduct of those under their command." *Carmona v. Toledo,* 215 F.3d 124, 132 (1st Cir.2000). We note that Section 1983 does not provide for *respondeat superior* liability, see *Monell v. Dp't. of Social Servs.,* 436 U.S. 658, 693, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Crispin–Taveras,* 2009 WL 349751 at *5; *Gutierrez–Rodriguez,* 882 F.2d at 562. Nevertheless, a superior officer may be held liable under Section 1983 for their own acts or omissions. *Rossi–Cortes,* 540 F.Supp.2d at 323; *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994).

■ Supervisory liability may be "grounded on either the supervisor's direct participation in the unconstitutional conduct, or through a conduct that amounts to condonation or tacit authorization." *Rossi–Cortes,* 540 F.Supp.2d at 323. Plaintiff must show that the supervisor's act or omission amounted to a "reckless or callous indifference to the constitutional rights of others." *Gutierrez–Rodriguez,* 882 F.2d at 562 (citations omitted). If the supervisor is not personally involved, "a supervisor may only be held liable where (1) the behavior of his subordinates results in a constitutional violation, and (2) the supervisor's action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence, or gross negligence ... amounting to deliberate indifference." *Whitfield v. Melendez–Rivera,* 431 F.3d 1, 14 (1st Cir.

2005) (citations omitted); *see also Gutierrez–Rodriguez,* 882 F.2d at 562 (noting that "there must be 'an "affirmative link" between the street-level misconduct and the action, or inaction, of supervisory officials' ").

Plaintiff alleges that Toledo is liable because he failed to provide proper training and supervision to the police officers under his command. The District Court of the Commonwealth of Puerto Rico has held that "merely alleging that a supervisor failed to train his subordinates is patently insufficient to establish a Section 1983 claim against the supervisor." *Rossi–Cortes,* 540 F.Supp.2d at 324 (citations omitted). Moreover, it has stated that "claims of inadequate training require proof that the failure to train was a policy or deliberate choice made by Defendant, and that there is a direct link between the Defendant's inaction and the constitutional violation." *Martinez Diaz,* 600 F.Supp.2d at 323 (citing *Bowen v. City of Manchester,* 966 F.2d 13, 18 (1st Cir.1992).)

■ In the case at bar, Plaintiff's allegations do not demonstrate that Toledo failed to evaluate, train and supervise his subordinates. Thus, Plaintiff does not establish a causal nexus between the alleged failure and the actions committed by the officers pertaining to the assault. Accordingly, Plaintiff fails to demonstrate that Toledo was deliberately, recklessly, or callously indifferent to his constitutional rights. Furthermore, Plaintiff failed to show any training deficiencies, much less that Toledo should have known that there were any training problems. Therefore, there is no Supervisory Liability. This Court holds that Plaintiff failed to plead sufficient facts to state a Section 1983 claim against Toledo. Accordingly, the Motion to Dismiss is **GRANTED** as to Toledo.

In sum, Plaintiff's Fourth Amendment claim against Colon will not be dismissed.

However, Plaintiff's claim on the same ground against Toledo must be dismissed. Accordingly, Plaintiff's Section 1983 claim against Toledo shall be DISMISSED.

### IV. *Qualified Immunity* [8]

■ This Court will now discuss whether the doctrine of Qualified Immunity bars Plaintiff's claims against Colon.[9] Qualified immunity is a judge-made doctrine that "allows public officials to perform discretionary tasks in the public sector without the constant threat of legal liability." *Morelli,* 552 F.3d at 18 (citing *Pagan v. Calderon,* 448 F.3d 16, 31 (1st Cir.2006)). This doctrine protects all but "the plainly incompetent [and] those who knowingly violate the law." *Id.* (citing *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). Thus, "the doctrine does not shield public officials who, from an objective standpoint, should have known that their conduct was unlawful." *Id.* (citations omitted).

■ To determine the applicability of the Qualified Immunity doctrine, the First Circuit employs a three-step process: "(1) whether the claimant has alleged the deprivation of an actual constitutional right; (2) whether that right was clearly established at the time of the alleged violation or inaction; and (3) if both of these questions are answered in the affirmative, whether an objectively reasonable official would have believed that the action taken violated that clearly established constitutional right." *Wilson v. City of Boston,* 421 F.3d 45, 52 (1st Cir.2005) (citing *Starlight Sugar, Inc. v. Soto,* 253 F.3d 137, 141 (1st Cir.2001).)

In the present case, as explained above, Plaintiff has proffered an adequate Fourth Amendment claim against Colon in his personal capacity. Furthermore, this right was clearly established at the time of the alleged violation. Thus, at this stage, the first and second part of the test are satisfied.

In addressing the third element, a reasonable police officer should understand that using excessive force during an arrest violates a person's constitutional rights. "The Supreme Court has furnished a non-exclusive list of criteria for determining the objective reasonableness of a police officer's use of force, which include the severity of the crime at issue; the extent (if any) to which the suspect poses an immediate threat to the safety of the officers or others'; and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Morelli,* 552 F.3d at 23 (citing *Graham,* 490 U.S. at 396, 109 S.Ct. 1865).

■ In the present case, taking the allegations as true and in the light most favorable to the Plaintiff, if a crime was committed at all, no weapons were found on Plaintiff and all criminal charges were eventually dropped. Furthermore, there are no allegations from neither party indicating that Plaintiff posed a threat to the safety of the officers or that there was any meaningful degree of resistance. Thus, there is no justification for the use of excessive force during the arrest of Plaintiff. Consequently, Plaintiff has raised sufficient allegations to defeat a Qualified Immunity defense against Colon at this stage of the pleadings. Accordingly, Colon is not entitled to Qualified Immunity at this time and his motion to dismiss is **DENIED.**

---

8. "The qualified immunity defense can only be raised by persons in their personal capacity, not in their official capacity." *Suarez–Cestero v. Pagan Rosa,* 198 F.Supp.2d 73, 91 (D.P.R.2002).

9. Since Plaintiff's section 1983 claim against Toledo will be dismissed, this Court need not determine whether Toledo is entitled to Qualified Immunity.

### V. *Supplemental Law Claims*

Since some of Plaintiff's federal claims remain pending, this Court will not dismiss his state claims.

### CONCLUSION

For the reasons stated above, the Court hereby **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss. (Docket No. 16). All claims against Defendants in their official capacities are hereby **DISMISSED.** Additionally, Plaintiff's Fifth and Fourteenth Amendment claims against Defendants shall be **DISMISSED.** Furthermore, Plaintiff's Section 1983 claim against Toledo is hereby **DISMISSED.** All other claims shall remain pending trial.

IT IS SO ORDERED.